# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.  CR. NO.: 09-10307-EFH

JAMES FAMOLARE
        Defendant,

# ORDER

October 21, 2011

HARRINGTON, S.D.J.

The critical issue constituting the alleged scheme to defraud is whether the defendant Famolare suffered an injury to his back on June 19, 2006.

I have reviewed all of the evidence presented by the Government, including all the circumstances surrounding the incident on that date, the defendant's action with regard to his treatment and application for disability, as well as the defendant's withdrawal of his application and the reason for such action.

The reports of <u>three</u> doctors state that defendant did suffer an injury on June 19, 2006, which injury they found resulted in his total and permanent disability under the disability standards of the Boston Fire Department.

A <u>fourth</u> doctor's report states that the defendant was totally and permanently disabled under said standards, but this doctor could not state that the precipitating injury had occurred on the date of June 19, 2006.

A <u>fifth</u> doctor's report, the defendant's treating physician's, dated August 4, 2006, does not note that the defendant told him of the June 19th incident and states that the defendant's symptoms are identical to the symptoms that he had exhibited prior to June 19, 2006. The report also states that it is this doctor's opinion that the defendant is capable of work, but this opinion is not measured against the firefighter's stringent physical standards. This doctor had no present recollection of the defendant's sessions with him.

One witness did observe the defendant engage in the activity which the defendant claims precipitated his disability on June 19, 2006 and there was no witness to the contrary.

In the light of all the evidence and in the light most favorable to the Government, the Court concludes that no rational jury could find the defendant guilty of a scheme to defraud beyond a reasonable doubt on the basis that defendant did not suffer an injury on June 19, 2006. That he was totally and permanently disabled under the department's standards is supported by <u>four</u> physicians and that the precipitating injury occurred on June 19, 2006, is supported by <u>three</u> physicians.

The disability issue in the Boston Fire Department, which has sparked public controversy, lies not with this defendant, but with a system of which he has been a member for nearly forty years of service. It is a disability system which has prescribed strict physical standards for all members of the Fire Department. A sixty-year old, desk-bound, District Chief is required to maintain the same physical standards as a twenty-year old firefighter who is actually engaged in entering burning buildings and carrying survivors down towering ladders. Defendant was no longer able to comply with the department's required physical standards for the job of firefighter.

The fire department's universal standards, applicable to all ages and ranks, renders almost

2

every elderly fireman eligible for a disability retirement.

This system is patently flawed and abuses the taxpayers of the City of Boston. It should not be allowed to continue in its present form. The United States Government deserves great credit for exposing this travesty of a disability system to public scrutiny.

Motion for Judgment of Acquittal is ALLOWED.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge